HANNIBAL SAVINGS AND INSURANCE COMPANY, Appellant, *v.* JOHN PIPE, Respondent.

1. *Hannibal Savings and Insurance Company — Membership — Stock Department — Who may be insured in.—* Section first of the charter of the Hannibal Savings and Insurance Company, which provides, substantially, that "George W. Kent," etc., "and all other persons who shall hereafter become members of the company, shall be a body politic, for the purpose of insuring their farm buildings, live stock, dwelling-houses," etc., is intended simply to give a leading object of the charter; and, under the provisions of other sections, the company may, in the stock department, insure without regard to membership.

*Appeal from St. Louis Circuit Court.*

*Taussig & Kellogg*, for appellant.

I. The first section of the charter, considered alone and without reference to the remaining provisions of the charter, does not admit of the construction given to it by the court below, and gives to the company the right to insure not only their (the company's)

property, but also " other buildings, personal property," etc. The court below interpreted the section as if it read " their farm buildings," etc., and " their other property," etc. It is submitted that such interpretation is not justified either by the rules of strict grammatical construction or the rules of liberal construction enjoined by the eighteenth section of said charter.

II. The construction given to the first section by the court below is incompatible with the provisions and proper construction of the sixth, seventh, and sixteenth sections of the act, which authorize the insurance of other than members.

III. The evident object and design of the charter is to create two departments of insurance: first, the mutual department, in which all policy-holders are members, and the payments to be made by the assured are dependent upon losses sustained and uniform assessments arising therefrom; secondly, the stock department, where stockholders are members of the company, and which may grant insurance for any length of time, to any person, on such terms as may be agreed upon in each particular case.

*A. N. Sterling*, for respondent.

BLISS, Judge, delivered the opinion of the court.

Defendant is sued on a promissory note, and defends upon the ground that he is not a member of the company, and that the company, by its charter, has no power to insure any but members. His defense was sustained below, and the plaintiff brings the case here by appeal.

Section 1 of the charter provides that " George W. Kent & Co., and all other persons who shall hereafter become members of the company hereby created, in the manner herein prescribed, shall be a body politic and corporate by the name and style of the Hannibal Savings and Insurance Company, and shall have perpetual succession, for the purpose of insuring their farm buildings, live stock, dwelling-houses, stores, shops, and other buildings, household furniture, merchandise, and other personal property, against loss or damage by fire, wind, or lightning, and by that name may contract," etc., giving the usual powers of corpora-

tions.   No other object or purpose is specified in this section than insurance, and insurance of the property of the members of the corporation ; and unless the authority to insure defendant is found elsewhere, the company has transcended its authority and the note is void.   But does this section embrace all the powers of the company ?   Is it intended to be exclusive, or simply to give a leading object of the charter?   If the former, the judgment below is correct ; if the latter, we may look to other sections for its powers.

Section 17 authorizes the company "to perform the duties and functions of a savings institution," to receive deposits, make loans, deal in exchange, etc.   This object clearly is not embraced in section 1.   So, by section 16, the company is authorized to make "marine insurance upon vessels, goods, and merchandise," etc., "and upon ocean, lake, river, or inland transportation risks, of every kind whatsoever, and upon money transmitted by mail," and also to insure against accidents.   These extensive classes of insurances could hardly be supposed to be confined to the property and persons of members, unless it was provided that by the act of insurance such insured persons become members.   So it seems clear that the object of the incorporation, as specified in the first section of the charter, is not exclusive of all other objects. Other things may be done besides insuring the property of members of the corporation.

By section 7 the business of the company may be divided into two departments — a stock and a mutual department ; and each department is to be kept separate from the other, and provisions are made for subscriptions and payment of stock.

Section 3 defines who are members ; and they are, first, all who are insured in the mutual department of the company ; and second, all persons who are owners of stock in the stock department of the company.   Those insured in the mutual department are to have one vote for each policy, and the stockholders are allowed a vote for each share of stock.

The distinction between the manner of insurance in the mutual and in the stock department is not very clearly made in the charter ; but under the authority given the directors to make

by-laws, ordinances, etc., they have doubtless made all necessary provision. Our only inquiry is whether the company can insure any but members. In the mutual department the insured are necessarily members. In the stock department there is no requirement whatever in relation to their membership ; but, by providing that it shall be constituted by subscriptions to stock, the insured, as such, are presumptively excluded. The requirement or provision in relation to those insured in the mutual department cannot be considered as forbidding the insurance of outsiders in the stock department, unless the business described in section 1 of the charter is held to be exclusive of all other; and we have seen that it is not, but that other business may be done. The company, then, in the stock department, may insure without regard to membership.

The judgment of the Circuit Court is reversed and the cause remanded. The other judges concur.